UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| LILLIE FOX and | ) | |
|---|---|---|
| ANGELA VEROL WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CV-87 |
| | ) | (VARLAN/GUYTON) |
| HSBC MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion to Dismiss or, in the Alternative, to Stay and Compel Arbitration of Plaintiffs' Claims [Doc. 3]. Defendant argues that plaintiffs are contractually prohibited from pursuing their claims in this Court because the claims are subject to a binding arbitration agreement which plaintiffs executed in connection with a home mortgage. The plaintiffs have not responded to the pending motion and the time for doing so has passed. *See* L.R. 7.1(a), 7.2.

The Court has carefully reviewed the pending motion, along with the supporting brief and exhibits [Docs. 3,4] in light of the entire record and controlling law. For the reasons set forth herein, the Court finds that defendant's motion is well-taken and it will be **GRANTED**.

**I.  Summary of Facts**

On September 2, 2004, plaintiffs Lillie A. Fox and Angela Verol Williams purchased a house located at 1055 Tramel Road, Sevierville, Tennessee 37862. The plaintiffs

purchased this home with a mortgage obtained from Ameritrust Mortgage Company Ltd. and signed an Adjustable Rate Note. As alleged in the complaint, plaintiffs' loan was transferred to Household Financial, Inc. [Doc. 1 at ¶ 6.] Plaintiffs also executed an Arbitration Addendum to Note which provides that it is made pursuant to "a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA")." [Doc. 3, Ex. B at p. 3.]

The Arbitration Addendum defines "claim" very broadly to include any claim "arising from or relating to this Loan Agreement or the relationships which result from this Loan Agreement." [*Id*. at p. 1.] The Arbitration Addendum also provides:

> This Arbitration Addendum, if signed and therefore accepted by You, is made part of Your Loan Agreement with Lender. By signing this Arbitration Addendum, You agree that, upon election by Lender or by You, any Claim shall be resolved by binding arbitration pursuant to this Arbitration Addendum and the applicable rules then in effect of the Arbitration Administrator selected at the time the Claim is initiated. Acceptance of this arbitration Addendum by you is voluntary.

[*Id*.] Finally, the Arbitration Addendum defines "Lender" as follows:

> "Lender" means the lender under the Loan Agreement and/or any assignee of the Loan Agreement, including any subsequent assignees, together with each of such lender's and/or assignee's parents, subsidiaries, affiliates, successors or predecessors, and any past or present officers, directors and employees thereof.

[*Id*. at p. 2.]

On March 8, 2006, plaintiffs filed the present case against defendant HSBC Mortgage Services, Inc., asserting claims for violation of the Fair Debt Collection Practices Act and negligent infliction of emotional distress. Plaintiffs' claims arise from defendant's efforts

to collect on the mortgage held by Household Financial. Plaintiffs have instituted an arbitration proceeding against Household Financial Center, Inc. related to the claims at issue in the present case.[1]

## II.     Analysis

It is clear that federal law favors arbitration agreements. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA applies to disputes involving agreements in writing that provide for arbitration and that evidence a transaction involving interstate commerce. 9 U.S.C. § 2. The FAA states as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issues involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing that the application for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Moreover, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000), *cert. denied*, 531 U.S. 1148 (2001).

---

[1] As set forth in defendant's supporting memorandum, Household Financial Center, Inc. and HSBC Mortgage Services Inc. are subsidiaries of HSBC Finance Corporation. HSBC Mortgage Services Inc. purchases and services non-conforming residential real estate secured loans, such as the one at issue in this case. Household Financial Center, Inc. is a Tennessee corporation that owns many of the Tennessee loans purchased by HSBC Mortgage Services, Inc. HSBC Mortgage Services Inc. purchased the loan at issue in this action from Ameritrust Mortgage Company, Ltd. That loan is now owned by Household Financial Center, Inc. The Court accepts these facts as true for purposes of the pending motion.

After considering the cited authorities and carefully reviewing the Arbitration Addendum, the Court agrees with the defendant. Because the term "lender" includes "any assignee of the Loan Agreement, including any subsequent assignees, together with each of such lender's and/or assignee's parents, subsidiaries, affiliates," the Arbitration Addendum applies to Household Financial Center and to HSBC Mortgage Services, Inc. Further, the claims asserted by the plaintiffs are claims "arising from or relating to this Loan Agreement or the relationships which result from this Loan Agreement." Thus, the claims asserted in this action are subject to the binding arbitration agreement signed by the plaintiffs in connection with their home mortgage. The Court declines to dismiss the case at this time and will stay these proceedings pending completion of arbitration. Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE