UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LILLIE FOX and ) | |
| ANGELA VEROL WILLIAMS, ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | |
| ) | |
| v. ) | No.: 3:06-CV-87 |
| ) | (VARLAN/GUYTON) |
| HSBC MORTGAGE SERVICES, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Defendant/Counter-Plaintiff HSBC Mortgage Services, Inc.'s ("Defendant HSBC") Motion for Summary Judgment. [Doc. 18.] Plaintiff/Counter-Defendants Lillie Fox and Angela Verol Williams (hereinafter collectively referred to as "Plaintiffs") filed this civil action against Defendant HSBC for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, for negligent infliction of emotional distress, and for failing to provide notice of a foreclosure sale. [*See* Doc. 1.] Defendant HSBC counterclaims against Plaintiffs for their alleged material breach of the terms of an Adjustable Rate Note. [*See* Doc. 14.] This case is before the Court on Defendant HSBC's Motion for Summary Judgment. [Doc. 18.] Plaintiffs have responded in opposition to Defendant HSBC's motion. [Doc. 30.] The parties have also submitted additional briefing and materials on Defendant HSBC's motion for summary judgment. [*See* Docs. 18, 19, 31, 32, 33.]

The Court has carefully considered Defendant HSBC's motion, the parties' briefs, and other supporting materials. [Docs. 18, 19, 30, 31, 33.] For the reasons set forth herein, the Court will grant Defendant HSBC's motion for summary judgment.

## I. BACKGROUND

On September 2, 2004, Plaintiffs conveyed their interest in the property located at 1055 Tramel Road, Sevierville, Tennessee, to Mortgage Electronic Registration Systems, Inc., acting solely as nominee of the Lender, Ameritrust Mortgage Company, LLC, ("Ameritrust") under a Deed of Trust as security for performance on an Adjustable Rate Note ("Note") of the same date. [Doc. 18-2 at 2.] According to Defendant HSBC, Ameritrust assigned the Note and Deed of Trust to Defendant HSBC when the loan account was not in default. [Doc. 18-2 at 2.] However, Plaintiffs contend that the Note was not assigned to Defendant HSBC and was instead assigned to an entity named "Household." [Doc. 1 at 2.] According to Defendant HSBC, Plaintiffs then defaulted under the terms of the Note by failing to make the required monthly payments to Defendant HSBC. [Doc. 18-2 at 2.]

In January of 2005, Plaintiffs allege that Defendant HSBC contacted them telephonically regarding the alleged late payments. [Doc. 1 at 2.] Plaintiffs also allege that Defendant HSBC sent them collection notices via mail. [Doc. 1 at 2.] In October of 2005, Defendant HSBC instituted foreclosure proceedings. [Doc. 18-2 at 2.] Notice of the Substitute Trustee's Sale was published on November 7, 14, and 21, 2005, in *The Mountain Press & Good News in the Smokies*. [Doc. 18-2 at 2, 20.] The foreclosure sale was held on December 1, 2005, resulting in the interests in the property being assigned to Household

Financial Center, Inc. ("Household Financial"). [Doc. 18-2 at 2; 33 at 4.] Household Financial then instituted eviction proceedings against Plaintiffs. Plaintiffs then filed the present suit for alleged violation of the Fair Debt Collection Practices Act and alleged violation of Tennessee law regarding proper notice for foreclosure sales. [Doc. 1.] Plaintiff Fox also makes a negligent infliction of emotional distress claim. [Doc. 1.]

## II. ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### B.  Negligent Infliction of Emotional Distress

In the complaint, Plaintiff Fox alleges that Defendant HSBC is liable for her alleged emotional injuries. [Doc. 1 at 4-5.] In support of its motion for summary judgment, Defendant HSBC contends that Plaintiff Fox lacks the necessary proof to establish her negligent infliction of emotional distress claim. In the response, counsel for Plaintiff Fox acknowledges the merits of Defendant HSBC's argument and agrees that "said claim should be dismissed." [Doc. 30 at 3.] Accordingly, Defendant HSBC's motion for summary judgment will be granted as to the claim for negligent infliction of emotional distress.

### C.  Notice of Foreclosure Sale

In the complaint, Plaintiffs allege that Defendant HSBC "violated applicable provisions of State law by foreclosing on the Plaintiff's home and auctioning it at public auction without providing Plaintiffs with the required twenty-one (21) day notice." [Doc.

4

1 at 3.] In support of its motion for summary judgment, Defendant HSBC contends that it complied with the relevant Tennessee statute, which provides:

> (a) In any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value or under judicial orders or process, advertisement of the sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made.
>
> (b) The first publication shall be at least twenty (20) days previous to the sale.

Tenn. Code Ann. § 35-5-101. Defendant HSBC points to evidence of three advertisements in *The Mountain Press & Good News in the Smokies* regarding the foreclosure sale. [Doc. 18-2 at 20.]

In their response, Plaintiffs concede that "Defendant is correct . . . with regards to its position that adequate notice of the foreclosure sale was given" and that "summary judgment is appropriate" as to this issue. [Doc. 31 at 6.] Accordingly, Defendant HSBC's motion for summary judgment will be granted as to the claim for violations of Tennessee law for inadequate notice of the foreclosure sale.

### D. Fair Debt Collection Practices Act

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Notably, the FDCPA distinguishes between the term "creditor" and "debt collector." A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed" while the term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any

5

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(4), (6). It is "well-settled" generally that "a creditor is not a debt collector for the purposes of FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007) (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)). Additionally, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). In other words, the term "debt collector" does not include "the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). However, the term "debt collector" does include "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

In the present case, Defendant HSBC contends that it is not a "debt collector" for purposes of the FDCPA because Ameritrust assigned it the Note and Deed of Trust, which were not in default at the time of assignment. Plaintiffs do not dispute that the FDCPA's definition of "debt collector" generally excludes creditors or assignees of a debt not in default at the time of assignment. Rather, they first contend that there is a genuine issue of material

6

fact as to whether Defendant HSBC was the true holder of the Note. In the alternative, they contend that Defendant HSBC caused Plaintiffs to reasonably believe a third-party was attempting to collect on the debt using a different name from "Household." Defendant HSBC counters that it informed Plaintiffs that it was holder of the note directly assigned from Ameritrust. [*See* Doc. 33 at 3.] Additionally, because eviction proceedings occurred only after Household Financial prevailed at the foreclosure sale, Defendant HSBC contends that such evidence fails to support Plaintiffs' contention that "Household" is the true holder of the Note.

After careful consideration, the Court agrees with Defendant HSBC that evidence of Household Financial instigating eviction proceedings against Plaintiffs early in 2006 fails to show that "Household" was the true holder of the Note when Defendant HSBC contacted Plaintiffs about the allegedly defaulted loan in 2005. The "Substitute Trustee's Deed" shows that Household Financial was the "highest, best and last bidder" for the Sevier County property at the sale held on December 1, 2005. [Doc. 33 at 4.] Evidence that Household Financial instigated eviction proceedings against Plaintiffs in 2006 fails to show that it was the true holder of the Note prior to the foreclosure sale on December 1, 2005.

Plaintiffs also contend that a letter from Ameritrust indicating that the loan was sold to an entity named "Household" raises a genuine issue of material fact as to whether Defendant HSBC was assigned the Note by Ameritrust. [Doc. 31-2 at 1.] The Court finds this argument unpersuasive in light of the evidence before the Court in this case. In a letter dated October 6, 2004, Defendant HSBC sent Plaintiffs a letter informing them that "your

7

mortgage has been purchased and that the servicing of your account, that is, the right to collect payments, will now be conducted by HSBC Mortgage Services." [Doc. 33 at 3.] The letter further identifies the mortgage as being transferred from "Ameritrust Mortgage Corp." [*Id.*] In addition to this letter, the affidavit of Dana St. Clair-Hougham states that "[t]he Note and Deed of Trust were assigned to HSBC Mortgage Services Inc. by Ameritrust Mortgage Company, LLC." [Doc. 18-2 at 2.] Perhaps, the most persuasive part of the record on the issue of assignment of the mortgage is the Plaintiffs' own response to Defendant HSBC's interrogatories on the issue. [*See* Doc. 32-2.] In particular, Plaintiffs responded that "[a]lthough this note was not entered into between Plaintiff and HSBC, HSBC was assigned this note by Ameritrust." [Doc. 32-2 at 2.] Furthermore, Plaintiffs have failed to identify evidence countering the affidavit of Dana St. Clair-Hougham that the loan account was not in default at the time of assignment. [Doc. 18-2 at 2.] The Sixth Circuit has recognized that summary judgment is warranted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). In light of this standard, the Court finds that there is no genuine issue of material fact that Plaintiffs' mortgage was assigned to Defendant HSBC and that the mortgage was not in default at the time of assignment. Therefore, Defendant HSBC is a creditor as defined in the FDCPA.

Even if deemed a creditor, Plaintiffs argue that Defendant HSBC is a "debt collector" because it used a name other than "Household" to collect the debt. The FDCPA provides:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). To fall outside the scope of the FDCPA, "a creditor should use the 'name under which it usually transacts business, or a commonly-used acronym,' or 'any name that it has used from the inception of the credit relation.'" *Campbell v. Triad Fin. Corp.*, No. 5:07-CV-579, 2007 WL 2973598, at *9 (N.D. Ohio Oct. 9, 2007) (quoting *Maguire v. Citicorp Retail Servs.*, 147 F.3d 232, 235 (2d Cir. 1998)). The key inquiry is "whether a least sophisticated consumer would have the false impression that a third party was collecting the debt." *Campbell*, 2007 WL 2973598, at *9 (quoting *Maguire*, 147 F.3d at 236).

In the present case, the record fails show any indication that Defendant HSBC "use[d] any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. §1692a(6). In its initial communication with Plaintiffs notifying them of the assignment of the Note, Defendant HSBC identified itself as "HSBC Mortgage Services" and used "HSBC" letterhead. [Doc. 33 at 3.] Consistent with Defendant HSBC's initial notice of assignment letter, the subsequent collection letters from

9

Case 3:06-cv-00087   Document 36   Filed 01/16/09   Page 9 of 11   PageID #: 145

Defendant HSBC to Plaintiffs also used "HSBC" letterhead and were signed "HSBC Mortgage Services." [Docs. 31-4 at 1-19; 33 at 5.] Notably, the letter from Ameritrust indicating assignment of Plaintiffs' mortgage to "Household" was not from Defendant HSBC and, thus, is not evidence that Defendant HSBC used any name other than its own. Thus, the FDCPA's provision regarding creditors using a name other than its own has "obviously has no application here" when the record shows that Defendant HSBC "was not collecting its own debts under the name of a third person." *Wadlington*, 76 F.3d at 107.

In light of foregoing, summary judgment will be granted as to Plaintiffs' FDCPA claim because Defendant HSBC is not a "debt collector" as defined in the statute. There is no genuine issue of material fact as to whether the Plaintiffs' mortgage was assigned to Defendant HSBC. Furthermore, there is no genuine issue of material fact as to whether Defendant HSBC "use[d] any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Thus, summary judgment on Plaintiffs' FDCPA claim is proper because creditors who are not deemed debt collectors are not subject to the FDCPA when collecting their accounts. *MacDermid*, 488 F.3d at 735.

## III. CONCLUSION

For the reasons set forth herein, Defendant/Counter-Plaintiff HSBC Mortgage Services Inc.'s motion for summary judgment [Doc. 18] is hereby **GRANTED**, whereby Plaintiffs/Counter-Defendants Lillie Fox and Angela Verol Williams' Fair Debt Collection Practices Act claim, negligent intentional infliction of emotional distress claim, and state law claim for notice of foreclosure sale are **DISMISSED with prejudice**. The case will proceed to trial on Defendant/Counter-Plaintiff HSBC Mortgage Services Inc.'s breach of agreement claim.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE